Filed 10/14/20  P. v. Dominguez CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

<div style="border:1px solid">

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

</div>

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D077552 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CR113183) |
| LARRY N. DOMINGUEZ, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Howard H. Shore, Judge.  Affirmed.

Larry N. Dominguez, in pro. per.; and Mary Woodward Wells, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1990, Larry N. Dominguez pleaded guilty to second degree murder (Pen. Code,[1] § 187, subd. (a)) and admitted the use of a firearm (§§ 12022.5, subd. (a) and 1192.7, subd. (c)(8)).  He also admitted one count of jail escape.  Dominguez was sentenced to an indeterminate term of 17 years to life, to be

---

[1]     All further statutory references are to the Penal Code.

served concurrently with a sentence he was already serving for convictions for attempted murder.

Dominguez moved to withdraw his guilty plea, but the motion was denied.

Dominguez appealed and this court affirmed the judgment and sentence in an unpublished opinion filed August 17, 1992. (*People v. Dominguez* (Aug. 17, 1992, D013873) [nonpub. opn.].)

In his guilty plea, Dominguez stated that he "did shoot and kill a human being with intent to kill in San Diego County."

In our opinion filed in 1992, we observed that the evidence was Dominguez personally shot and killed the victim.

In 2019, Dominguez filed a petition under section 1170.95 for resentencing of his murder conviction. The trial court appointed counsel to represent him. In the ensuing months, Dominguez requested different counsel and was ultimately allowed to represent himself.

The trial court denied the petition in a written order filed January, 2020. In the order, the trial court found Dominguez was the actual killer. The court noted the change of plea signed by Dominguez included an admission he shot and killed the victim with the specific intent to kill. The order also noted this court's prior opinion found Dominguez was the person who shot and killed the victim.

Dominguez filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating she has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Dominguez the opportunity to file his own brief on appeal. Dominguez has responded with a

2

lengthy submission containing multiple complaints.  We will address his submission below.

## STATEMENT OF FACTS

The facts of the underlying offense are fully set forth in our prior opinion.  We decline to repeat them here.  (*People v. Dominguez, supra*, D013873.)

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1.  Whether Dominguez's invocation of his Sixth Amendment right to self-representation and waiver of that right was knowing and voluntary;

2.  Whether the trial court followed proper statutory procedure in denying Dominguez's section 1170.95 petition; and

3.  Whether the trial court erred in finding Dominguez had not made prima facie showing of eligibility for resentencing under section 1170.95.

In his submission, Dominguez raises a number of possible issues, mostly based on matters outside the record.  He complains at length about his 1990 guilty plea contending it was not valid and his attorney was ineffective.  This court upheld the guilty plea in our 1992 opinion.  (*People v. Dominguez, supra*, D013873.)

Dominguez argues he was prejudiced in the present case by reason of delay while he repeatedly asked for new counsel and ultimately self-representation.  During the delay, Judge Louis R. Hanoian retired and he was replaced by Judge Shore, who he claims was biased.  Dominguez also

3

argues Judge Hanoian had already found the petition for resentencing was meritorious because he had appointed counsel. From that premise, Dominguez argues Judge Shore did not have jurisdiction to deny his petition. Based on this record, we conclude the supplemental brief has not raised any arguable issues for reversal on appeal.

We have reviewed the entire record as required by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Dominguez on this appeal.

<p style="text-align:center">DISPOSITION</p>

The order denying Dominguez's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.

4